IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2:21-cr-189-CCW |
| v. | |
| ALEXIS RILEY, | |
| Defendant. | |

**MEMORANDUM ORDER**

**I.       Background**

On March 10, 2022, the United States Probation Office filed a Request for Show Cause Hearing to modify Ms. Riley's terms of supervision. ECF No. 45. Ms. Riley is currently serving a sentence of probation after pleading guilty to theft of government property, in violation of 18 U.S.C. § 641. ECF Nos. 24 & 40. She is obligated to pay restitution of $ 71,564.40 to the United States Postal Service. ECF No. 40 at 5.

Standard condition of supervision # 12 requires that, "[i]f the probation officer determines that [Ms. Riley] pose[s] a risk to another person (including an organization), the probation officer may require [Ms. Riley] to notify the person about the risk and [Ms. Riley] must comply with that instruction. The probation officer may contact the person and confirm that [Ms. Riley] ha[s] notified the person about the risk." ECF No. 40 at 3; ECF 45 at 1.

The Probation Office requests that Ms. Riley be required to notify her current employer, FedEx, of her federal conviction, and that the Probation Office be permitted to contact FedEx to confirm that Ms. Riley made such notification. ECF No. 45 at 1. In support of this request, the

Probation Office represents that it has determined that Ms. Riley presents a risk to her current employer because of the similarity between the circumstances of her federal conviction for theft of government money from the United States Postal Service, and her current position of Retail Customer Service Associate for FedEx Office. *Id.*

The Court solicited the views of both Ms. Riley and the United States on this issue. ECF No. 46. Ms. Riley opposes the Request and believes that such notification will lead to the loss of her employment. *See generally*, ECF No. 51. The United States "does not believe that the requested modification is necessary under the totality of the circumstances" in this case. *See generally*, ECF No. 52.

## II.     Legal Standards

"A district court's modification of the conditions of a defendant's probation is governed by 18 U.S.C. § 3563(c), which provides that, '[a] court may modify . . . conditions of a sentence of probation . . . pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the conditions of probation.'" *United States v. Gardiner*, 576 F. App'x 71, 74 (3d Cir. 2014).

Pursuant to Federal Rule of Criminal Procedure 32.1(c), the Court must hold a hearing "[b]efore modifying the conditions of probation or supervised release," unless "the relief sought is favorable to the person and does not extend the term of probation or of supervised release." Fed. R. Crim. P. 32.1(c). Under 18 U.S.C. § 3563(b), which governs the initial setting of discretionary probation conditions, the Court may set such conditions "to the extent that such conditions are reasonably related to the factors set forth in section 3553(a)(1) and (a)(2) and to the extent that such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in section 3553(a)(2)." 18 U.S.C.§ 3563(b).

Under 18 U.S.C. § 3553(a)(1) and (a)(2), when considering a particular sentence to be imposed, the Court considers:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant ;
> (2) the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

For the following reasons, the Court will deny the Probation Office's Request, and because such a result is favorable to Ms. Riley, no hearing is necessary.

### III.   Discussion

The Court finds that although the requested condition may be reasonably related to the factors set forth in 18 U.S.C. § 3553(a)(1) and (a)(2), requiring Ms. Riley to notify her current employer of her conviction is not reasonably necessary for the purposes 18 U.S.C. § 3553(a)(2) under the totality of the circumstances here.  Therefore, the Court declines to modify Ms. Riley's probation conditions to include the requested notification condition.

As set forth on the record at Ms. Riley's change of plea hearing, Ms. Riley's conviction for theft of government property was based on her issuance of fictitious refunds totaling $71,564.40, from October 2019 to September 2020, while she was employed as a clerk/sales associate at the United States Postal Service.  The parties have advised the Court during this case that when Ms. Riley was questioned by Postal Inspectors in September 2020, she immediately confessed and indicated that she had used the money to fund her gambling addiction.  ECF No. 51 at 1;  ECF No.

52 at 1.  Ms. Riley began attending Gamblers' Anonymous meetings in September 2020.  ECF No. 51 at 1.

Ms. Riley has been employed at FedEx since November 2020.  ECF No. 51 at 1.  She was not charged federally until April 2021, ECF No. 1, and has been working at FedEx while on pretrial release, at the time of her June 2021 guilty plea, ECF No. 24, and at the time of her November 2021 sentencing, ECF No. 40.  Not until March 2022 did the Probation Office request modification to require notifying FedEx of her conviction.  ECF No. 45.

During her federal case, Ms. Riley promptly accepted responsibility and did not contest the amount of restitution owed.  ECF No. 35; ECF No. 51 at 1; ECF No. 52 at 1.  As of her November 2021 sentencing hearing, she appeared to have made great strides in combatting her addiction, including regularly attending Gamblers' Anonymous meetings.  Several members of that organization wrote letters and spoke on her behalf at sentencing.  ECF Nos. 35-2, 35-3, 35-4; ECF No. 38.  The Court is not aware of any problems with Ms. Riley's compliance with her conditions of probation, nor is it aware of any suspected financial misconduct relating to her current employment.

In order for Ms. Riley's sentence to constitute "just punishment," *see* 18 U.S.C. § 3553(a)(2)(A), her sentence includes a significant restitution obligation of over $71,000, to make the United States Postal Service whole.  By remaining employed, Ms. Riley has been able to make, and has made, payments toward that significant obligation.  If she were to lose her employment, her ability to repay the outstanding restitution obligation would be compromised.  In addition, the Court does not find the requested notification condition to be reasonably necessary to protect the public from further crimes by Ms. Riley.  *See* 18 U.S.C. § 3553(a)(2)(C).  This offense was her first criminal offense.  ECF No. 51 at 6.  Prior to the request for employer notification, Ms. Riley

had been employed by her current employer for more than a year and a half, during her federal prosecution, without any request for notification of the criminal charges or conviction. *Id.* at 3. Ms. Riley's attorney has identified mechanisms in place at Ms. Riley's current employer that reduce the opportunity for misconduct, *see id.* at 2–3, and neither the Court nor the parties are aware of any suspected financial misconduct by Ms. Riley while employed at FedEx. *See* ECF No. 52 at 4.

In sum, the Court finds that the requested condition does not involve only such deprivation of liberty or property as is reasonably necessary for the purposes of § 3553(a)(2).

IV.   **Conclusion**

For the foregoing reasons, the Probation Office's Request IS HEREBY DENIED.

DATED this 7th day of April, 2022.

BY THE COURT:

/s/Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record